UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN POSTELL, SR., | |
| Plaintiff, | |
| -against- | 20-CV-3991 (LLS) |
| KELLY WELLS; PENNIE MERCADO; JENNY SILVERMAN; FALLSBURG LIBRARY, | ORDER TO AMEND |
| Defendants. | |

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; the Americans with Disabilities Act of

1990 ("ADA"), 42 U.S.C. §§ 12112-12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-

796; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and

the New York City and State Human Rights Laws. He alleges that his employer discriminated

against him on the basis of his race, color, sex, national origin, disability, and age. By order dated

June 10, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the

reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty

days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff asserts his claims using the Court's Employment Discrimination Complaint

form. He checks boxes indicating that he is asserting claims that his employer, the Fallsburg

Library, discriminated against him on the basis of his (1) race, color, sex, and national origin, in

violation of Title VII; (2) race, in violation of 42 U.S.C. § 1981; (3) age, in violation of the

ADEA; and (4) disability, which he lists as a "leaking disk," in violation of the ADA and

Rehabilitation Act. He also checks boxes to indicate that he is bringing claims under the New

York City and State Human Rights Laws, and checks the "other" box, after which he writes,

"seniority, godfather [sic] claus[e], equal pay." (ECF No. 2, at 4.)

The following allegations are taken from the complaint, which is not a model of clarity

and which appears to be incomplete: Plaintiff has worked as a cataloger for the Fallsburg Library

for nine years. He has asked for a raise each year, but "all [he] get[s] is excuse after excuse,"

such as budget constraints, for why he cannot receive a raise. (*Id.* at 5.)

The library has now "found someone who[se] mom is on the friends committee" to work

in his position two days a week, while Plaintiff is "cataloging two days a week and working [the]

circulation desk one day a week." (*Id.*) Plaintiff asserts that he is "being deprived of [his]

grandfather clause rights, [his] seniority rights, equal pay and equal work opportunity because of

[his] age and [his] race." (*Id.*) In a sentence that cuts off midway through, Plaintiff references an

"ergonomic chair that [he] received from the v.e.s.i.d. program." (*Id.*)

2

In the section of the complaint form that asks for him to state the relief that he is seeking, Plaintiff checks off boxes requesting the Court issue an order directing his employer to promote him and to reasonably accommodate his disability. He also checks a box for miscellaneous relief, and writes that he was promised a raise for taking the cataloging position, but has been "consistently given reasons they couldn't afford it but continued hiring others and promoting others while skipping over [him] and paying them higher wages than [him] although" he has ten years' more experience. He also states that when he was hired in 2005, he had a "thirteen day holiday pay plan" but that he was later put on "a 40hrs per year sick day plan." (*Id.* at 6.) This section of the complaint also appears to be incomplete.

## DISCUSSION

### A.     Pleading standards

The Supreme Court has held that under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Title VII prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, or national origin. *See* 42 U.S.C. §2000e-2(a). Section 1981

prohibits discrimination "on account of [a person's] race, ancestry, or ethnic characteristics."
*Zemsky v. City of New York*, 821 F.2d 148, 150 (2d Cir. 1987).

To state a claim of employment discrimination under Title VII or § 1981, "a plaintiff
must plausibly allege that (1) the [defendants] took adverse employment action against him, and
(2) [a protected characteristic] was a motivating factor in the employment decision." *Vega v.
Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *see also Khanna v. MUFG
Union Bank, N.A.*, 785 F. App'x 15, 15-16 (2d Cir. 2019) (summary order) (applying *Vega*
pleading standard to § 1981 employment-discrimination claims); *Johnson v. Wendys Corp.*, No.
1:19-CV-8157, 2019 WL 6311790, at *2 (S.D.N.Y. Nov. 22, 2019) (same).

"The ADA prohibits discrimination against a 'qualified individual on the basis of
disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New
York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled
under the ADA if the person has "a physical or mental impairment that substantially limits one or
more major life activities." 42 U.S.C. § 12102(1)(A).

To plead a prima facie case of failure to accommodate a disability, either under the ADA
or the Rehabilitation Act, a plaintiff must allege that (1) he is a person with a disability under the
meaning of the statute; (2) his employer is covered by the statute and had notice of his disability;
(3) with reasonable accommodation, plaintiff could perform the essential functions of the job at
issue; and (4) the employer has refused to make such accommodations. *See McMillan v. City of
N.Y.*, 711 F.3d 120, 125-26 (2d Cir. 2013); *see also Lyons v. Legal Aid Soc.*, 68 F.3d 1512, 1515
(2d Cir. 1995) (stating that the elements needed to demonstrate a failure-to-accommodate claim
under either the ADA or the Rehabilitation Act are the same). A plaintiff must also show "the
connections between (1) the failure to accommodate a disability, (2) the performance

deficiencies, and (3) the adverse employment action." *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019) (quoting *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 108 (2d Cir. 2001).

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or 3privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To state an ADEA claim, a plaintiff must allege that his age was the but-for cause of the employer's adverse employment action. *See Vega*, 801 F.3d at 86.

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

Plaintiff fails to allege facts suggesting that his employer discriminated against him based on his race, color, sex, national origin, or on account of a disability. In fact, nowhere in the complaint does Plaintiff identify his race, color, national origin, or age. And while he describes his disability as a "leaking disk," he alleges no facts suggesting that his condition meets the definition of a disability under the ADA or that his employer discriminated against him because

of such disability. Plaintiff's allegations are therefore insufficient to state a claim under Title VII,
§ 1981, the ADA, the Rehabilitation Act, or the ADEA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against individual defendants**

Individuals are not subject to liability under Title VII, the ADEA, or the ADA. *See*
*Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d
1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may
not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v.*
*Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir.
2009) (holding that the ADA does not provide for actions against individual supervisors);
*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL
6916099, at *7 (S.D.N.Y. Dec. 19, 2019) ("As a matter of law, none of the individual defendants
can be held liable under Title VII, the ADA, or the ADEA."); *Garibaldi v. Anixter, Inc.*, 407 F.
Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal
anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

The plaintiff's employer is the proper defendant in such actions. Under both Title VII and
the ADA, an "employer" is generally defined as "a person engaged in an industry affecting
commerce who has 15 or more employees." 42 U.S.C. § 12111(5)(A); 42 U.S.C. 2000e(b). The
ADEA generally defines an "employer" as "a person engaged in an industry affecting commerce
who has twenty or more employees." 29 U.S.C. § 630(b).

Plaintiff brings this complaint against Kelly Wells, Pennie Mercado, Jenny Silverman,
and the Fallsburg Library. To the extent Plaintiff is seeking to sue Wells, Mercado, and Silverman
under Title VII, the ADA, or the ADEA, they are not proper defendants.[1] Moreover, Plaintiff

---

[1] Claims under city and state human rights laws, however, may be asserted against
individuals. *See Feingold v. New York*, 336 F.3d 138, 158-59 (2d Cir. 2004) (holding that

alleges no facts suggesting they were personally involved in violating his rights. Nor does Plaintiff allege facts suggesting that the Fallsburg Library has the minimum number of employees to meet the definition of "employer" under Title VII, the ADA, or the ADEA.

## C.    Exhaustion

Before filing suit under Title VII or the ADA, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating into the ADA the filing requirements for Title VII claims set forth in 42 U.S.C. § 2000e-5); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012).

In New York, this charge must be filed with the EEOC within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999). Exhaustion of administrative remedies is not, however, jurisdictional, but like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("Because [the] failure to exhaust [one's] administrative remedies is not a jurisdictional defect, it is subject to equitable defenses."). A civil action must be commenced within 90 days of receiving the notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1).

A plaintiff suing under the ADEA may file suit in federal court at any time from 60 days after filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that

---

individuals are subject to liability under city and state human rights laws). To assert a claim against an individual defendant under city or state human rights laws, "a plaintiff must either show direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted' the discrimination or retaliation at issue." *Zambrano-Lamhaouhi v. N.Y. City Bd. of Educ.*, 866 F. Supp. 2d 147, 162-63 (E.D.N.Y. 2011) (citing *Feingold*, 366 F.3d at 157-59).

the EEOC proceedings are terminated.[2] *See Hodge v. New York Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998) (relying on 29 U.S.C. § 626(d), (e)).

Here, Plaintiff states that he filed a charge of discrimination with the EEOC on July 9, 2019. (ECF No. 2, at 6.) He states that he received a copy of the notice of right to sue, but in the section of the form asking him to list the date on the notice, he writes "paper 03/06/2020 mistakes," and on the line to asking for the date he received the notice, he writes, "email 3/12/2020 still waiting for mail." (*Id.* at 6.) Plaintiff should attach a copy of the notice of right to sue letter to any amended complaint.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[2] ADA plaintiffs must receive a right-to-sue letter from the EEOC, but ADEA plaintiffs need only *file* a charge with the EEOC.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Plaintiff should specifically plead any facts suggesting that any of the defendants discriminated against him on the basis of his race, color, sex, national origin, age, or disability. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-3991 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in

Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

SO ORDERED.

Dated:   June 25, 2020
         New York, New York

                                        Louis L. Stanton
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

       -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a*
*Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in*
*Employment Act, you must first file a charge with the Equal Employment Opportunity*
*Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
*you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
*Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

*Rev. 07/2007*                                    1

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff          Name  _____

                   Street Address  _____

                   County, City  _____

                   State & Zip Code  _____

                   Telephone Number  _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant          Name  _____

                   Street Address  _____

                   County, City  _____

                   State & Zip Code  _____

                   Telephone Number  _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

                   Employer  _____

                   Street Address  _____

                   County, City  _____

                   State & Zip Code  _____

                   Telephone Number  _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

            _____          Failure to hire me.

            _____          Termination of my employment.

            _____          Failure to promote me.

            _____          Failure to accommodate my disability.

            _____          Unequal terms and conditions of my employment.

            _____          Retaliation.

*Rev. 07/2007*                              2

_____      Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.   It is my best recollection that the alleged discriminatory acts occurred on: _____.
*Date(s)*

C.   I believe that defendant(s) *(check one)*:

_____      is still committing these acts against me.

_____      is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race   _____          ☐    color   _____

☐    gender/sex   _____          ☐    religion_____

☐    national origin   _____

☐    age.   My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.   The Equal Employment Opportunity Commission *(check one)*:

_____        has not issued a Notice of Right to Sue letter.

_____        issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

      ***Note:*** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____        60 days or more have elapsed.

_____        less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

          Signature of Plaintiff   _____

          Address             _____

                               _____

                               _____

                               _____

          Telephone Number   _____

          Fax Number *(if you have one)*   _____