```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN POSTELL, SR.,

                Plaintiff,

-against-

KELLY HOBBY WELLS; PENNIE MERCADO; JENNY SILVERMAN; FALLSBURG LIBRARY; LAURIE BURKE DEUTSCH,

                Defendants.

20-CV-3991 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; and the New York State and City Human Rights Laws, alleging that his employer discriminated against him based on his race, color, gender, age, and disability.[1] By order dated August 27, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] By order dated June 25, 2020, Judge Louis L. Stanton directed Plaintiff to file an amended complaint. (ECF No. 4.) On August 27, 2020, the Court received from Plaintiff an amended complaint (ECF No. 6) along with a letter addressed to Judge Stanton (ECF No. 5). The Court construes the letter as a supplement to the amended complaint.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

# DISCUSSION

**A.    Claims against Wells, Mercado, Silverman, and Deutsch**

Individuals are not subject to liability under Title VII, the ADEA, or the ADA. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (holding that the ADA does not provide for actions against individual supervisors); *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at *7 (S.D.N.Y. Dec. 19, 2019) ("As a matter of law, none of the individual defendants can be held liable under Title VII, the ADA, or the ADEA."); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006) ("[T]here is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA.").

To the extent Plaintiff is seeking to sue Wells, Mercado, Silverman, and Deutsch under Title VII, the ADA, or the ADEA, they are not proper defendants.[2] Moreover, Plaintiff alleges no facts suggesting they were personally involved in violating his rights. The Court therefore dismisses Plaintiff's claims against these defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Claims under city and state human rights laws, however, may be asserted against individuals. *See Feingold v. New York*, 336 F.3d 138, 158-59 (2d Cir. 2004) (holding that individuals are subject to liability under city and state human rights laws). To assert a claim against an individual defendant under city or state human rights laws, "a plaintiff must either show direct, personal involvement in discriminatory conduct, or that the defendant 'aided and abetted' the discrimination or retaliation at issue." *Zambrano-Lamhaouhi v. N.Y. City Bd. of Educ.*, 866 F. Supp. 2d 147, 162-63 (E.D.N.Y. 2011) (citing *Feingold*, 366 F.3d at 157-59).

**B.     Service on Fallsburg Library**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Fallsburg Library through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Kelly Hobby Wells, Pennie Mercado, Jenny Silverman, and Laurie Burke Deutsch. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 form with the address for Fallsburg Library and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 26, 2020
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.     Fallsburg Library
   12-14 Railroad Plaza
   So. Fallsburg, NY 12779